UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ELMER QUINTANILLA,<br>  Plaintiff,<br><br>v.<br><br>HILLSTONE RESTAURANT<br>GROUP, INC.,<br>  Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO: _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

  COMES NOW Elmer Quintanilla ("Plaintiff" or "Quintanilla") and brings this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid regular and overtime wages from Defendant Hillstone Restaurant Group, Inc. ("Defendant" or "Hillstone"); and to vindicate his rights under 42 U.S.C. § 1981. In support thereof, Plaintiff would respectfully show the Court as follows:

### I.  INTRODUCTION

  1.  Plaintiff commenced employment with Defendant twenty-eight (28) years ago and has worked in the Houston's kitchen ever since. Plaintiff was classified as a nonexempt, at-will employee. Over the last five to eight years, Plaintiff worked more than 50 hours per week but was not paid overtime for all of those hours. It is believed that there are other, similarly situated employees that worked in excess of 40 hours per week and also were not paid overtime for all of those hours. Defendant knew or showed reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. Additionally, Defendant discriminatorily terminated Plaintiff for his race/ethnicity, non-white.

### II.  JURISDICTION AND VENUE

  2.  This court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically, the Fair Labor Standards Act, 29 U.S.C. § 216(b), and 42 U.S.C. § 1981.

  3.  Venue is proper in this Court because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Southern District of Texas, and the unlawful employment practices alleged in this case occurred in the Southern District of Texas.

### III.   PARTIES

4. Plaintiff is a resident of Harris County, Texas.

5. Defendant is a Foreign For-Profit Corporation doing business in the State of Texas and may be served via its registered agent, C T Corporation System, 1999 Bryan St., Ste. 900, Dallas, TX 75201; or via an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process; or wherever found.

### IV.   FACTS

6. Plaintiff is of Hispanic/Latino ancestry. Plaintiff commenced employment with Defendant in 1992 at Houston's on Kirby and has worked there nearly 30 years. He was a trusted kitchen employee who performed many of the duties of a kitchen manager, including receiving and checking inventory. Plaintiff was paid $27 per hour, and always worked more than forty hours per week. Plaintiff was allowed to keep a key to the restaurant, and he would arrive in the early morning to conduct inventory. Plaintiff also conducted tasks during this time that others could not do such as cutting meat and fish. It was customary for Plaintiff to arrive one hour prior to his shift time.

7. During Plaintiff's tenure with Defendant, he was under the control of multiple managers that required him to clock in and out at various times. Under one kitchen manager, Plaintiff was asked to clock out at 3pm but work until 4pm. Another manager asked Plaintiff to complete tasks prior to clocking in. All of these managers were cognizant that Plaintiff worked off the clock and none seemed concerned about it.

8. Plaintiff worked one hour prior to clocking in every shift for the last five to eight years. He worked 30 to 60 minutes after his shift approximately two days per week. Plaintiff never took vacation time. In fact, the last time Plaintiff took time off for a vacation was five years ago. Plaintiff has been told many times that the more that the managers save on labor costs, the bigger their bonus.

9. In addition to continuously working off the clock, Plaintiff endured discriminatory treatment at the hands of Houston's most recent General Manager, Jeremy Zink ("Zink"). Zink is Caucasian. Zink treated the staff of Hispanic/Latino ethnicity different from those who are Caucasian. He repeatedly spoke to Plaintiff in a condescending and hostile tone. In June 2019, Zink yelled at Plaintiff in front of the staff and sent him home saying, "You don't know your job?" When Plaintiff respectfully asked that he not yell at him Zink responded, "If you don't like it go home…get out of here." Zink yelled this at Plaintiff three to four times. Plaintiff went home.

10. After this episode with Zink, Plaintiff called the Corporate Human Resources department and spoke to Keith [LNU]. Plaintiff told Keith of the discriminatory way that Zink treated him. He told Keith that Zink talked to him like this because of Plaintiff's ancestry, Latino, and told him that Zink assumes he has no work papers. Plaintiff told Keith of his

2

ancestry, that he was an American citizen, and that he deserved to be treated with respect. Keith agreed with Plaintiff that he did not deserve that treatment, and instructed him to return to work the next day. Keith said that Zink would apologize. When Plaintiff returned to work, Zink did not apologize. In fact, Zink told Plaintiff to act as if the incident never happened. After Plaintiff's complaint, Zink refused to speak to Plaintiff and did so only if he believed Plaintiff had made a mistake. Zink conveyed that all future corrections would come from Plaintiff's kitchen manager. Zink's hostile treatment of Plaintiff continued until Houston's shut down due to COVID-19.

11. On March 23, 2020, kitchen manager Shea (LNU) called Plaintiff to tell him not to come to work the next day; that he would get a schedule that Friday. When Plaintiff noticed he was not placed on the schedule, he inquired. Shea said he did not know happened. Three days later, Shea called to advise Plaintiff that they decided to let him go. Recognizing this might be related to the COVID-19 pandemic Plaintiff asked if he would be allowed to return once the restaurant was back to normal? Shay replied, "I don't know."

12. After this, Plaintiff spoke to the General Manager of the closed Westheimer location, Suzanne Clancy, who also helped with the Kirby location. He asked if he was laid off temporarily or permanently, because there were many employees working on to-go orders. Clancy told him he was "fired" and that "it wasn't an easy decision to make." When asked why, she said she "didn't need to explain all the details, I can't possibly go into all the details."

13. Corporate advised Plaintiff twice after being terminated not to worry, that he was not fired and would get his job back. This was a blatant lie. Plaintiff was discriminated against due to his ancestry and then terminated in retaliation for complaining of the discriminatory behavior.

## V.     CAUSES OF ACTION

### A.     COUNT ONE – FAILURE TO PAY WAGES AND OVERTIME UNDER THE FAIR LABOR STANDARDS ACT

14. Plaintiff adopts by reference all of the facts set forth above.

15. During Plaintiff's employment with Defendant, he was a nonexempt employee.

16. As a nonexempt employee, Defendant was legally obligated to pay Plaintiff "at a rate not less than one and one-half times the regular rate at which [he was] employed […]" for the hours worked over forty in a workweek. 29 U.S.C. § 207(a)(1).

17. Defendant did not pay Plaintiff all overtime as required by 29 U.S.C. § 207 (a)(1) for the hours worked in excess of forty per week.

18. Defendant knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA.

19. Defendant willfully violated the overtime requirements of the FLSA.

3

### B. COUNT TWO – COLLECTIVE ACTION ALLEGATIONS UNDER THE FAIR LABOR STANDARDS ACT

20. Plaintiff adopts by reference all of the facts set forth above.

21. On information and belief, other kitchen employees at the Houston's location on Kirby Drive have been victimized by Defendants' violations of the FLSA identified above. The employees are nonexempt and were not paid overtime.

22. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner, and were denied overtime wages at one and one-half times their regular rate for hours worked over forty in a workweek.

23. Defendant is liable to Plaintiff and the members of the putative class for the difference between what it actually paid them and what it was legally obligated to pay them.

24. Plaintiff's experiences are typical of the experiences of the putative class members; collective action treatment is appropriate.

25. Because Defendant knew or showed reckless disregard for whether its pay practices violated the FLSA, Defendant owe Plaintiff and members of the putative class their unpaid overtime wages.

26. Defendant is liable to Plaintiff and the members of the putative class their unpaid overtime wages as liquidated damages.

27. Defendant is liable to Plaintiff and the members of the putative class for their reasonable attorneys' fees and costs.

### C. COUNT THREE – DISCRIMINATION AND RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

28. Plaintiff adopts by reference all of the facts set forth above.

29. Under 42 U.S.C. § 1981(a), "[a]ll persons within the jurisdiction of the United States shall have the same right…to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

30. Plaintiff belongs to the class of people protected by Section 1981 due to his ethnicity and his status as a non-white citizen. He was fired on or around March 24, 2020, due to his ethnicity and due to his complaint about his general manager's racism and poor treatment.

31. Defendant had no reason for firing Plaintiff and retaining other employees, even though Plaintiff was by far the most qualified employee.

32. Defendant is liable to Plaintiff for exemplary and punitive damages due to its willful discrimination and retaliation against him.

## VI.    JURY DEMAND

33. Plaintiff demands a trial by jury.

## VII.    PRAYER

34. Plaintiff requests that the Court issue a summons for Defendant to appear and answer, and that Plaintiff be awarded a judgment against the Defendant for the following:

   a. An order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b. Judgment awarding Plaintiff and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

   c. Prejudgment interest at the applicable rate;

   d. Incentive awards for any class representatives;

   e. Loss compensation and benefits;

   f. Reinstatement or front pay;

   g. Actual, liquidated, and exemplary damages, including damages for pain and suffering;

   h. Reasonable attorney's fees and costs;

   i. Pre-judgment and postjudgment interest as allowed by law; and

   j. All such other and further relief to which Plaintiff and the members of the putative class may show themselves to be justly entitled.

Respectfully submitted,

By: */s/ Samantha Martinez*
Samantha Martinez
ATTORNEY IN CHARGE
Federal Id No. 27604
State Bar No. 24026860
Martinez Firm, PLLC
sam@mtzfirm.com
325 Heights Blvd.
Houston, TX 77007
Telephone:     (713) 333-3270
Telecopier:    (713) 333-3275

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ELMER QUINTANILLA

## DEFENDANTS
HILLSTONE RESTAURANT GROUP, INC.

**(b)** County of Residence of First Listed Plaintiff　　HARRIS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:　IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
SAMANTHA MARTINEZ
325 HEIGHTS BLVD., HOUSTON, TX 77007
(713) 333-3270

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☒ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. 1981 race/ethnicity jurisdiction.

Brief description of cause:
RECOVER UNPAID WAGES AND DAMAGES FOR DISCRIMINATION AND RETALIATION

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** More than $250,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**　☒ Yes　☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____　DOCKET NUMBER _____

DATE: 7/16/2020
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #　　AMOUNT　　APPLYING IFP　　JUDGE　　MAG. JUDGE